**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE S. GREEN, JR.,
Plaintiff-Appellant,

v.                                                                          No. 97-7670

DOCTOR SHAW, Psychiatrist,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-97-887-2)

Submitted: August 11, 1998

Decided: December 17, 1998

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

George S. Green, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George S. Green, a Virginia prisoner, filed a 42 U.S.C.A. § 1983 (West Supp. 1998) action in the district court. Green filed three complaints, each against a separate defendant, asserting essentially the same claim. The district court treated the three complaints as one action and dismissed the suit for failure to exhaust administrative remedies.*

Green's complaints were on standard forms from the Eastern District of Virginia. In response to the questions on the first form, Green stated that he filed a grievance with no result. He appealed and was "still waiting on response." He alleged, however, that "time has ran out, state official violation the procedure rules." In his second complaint, Green asserted that he filed a grievance, as a result of which the "unit manager have refuse/fail to have me seen by a doctor to be treated." Green stated that he did not appeal, because his grievances were not timely answered. Finally, in his third complaint, Green alleged that he filed a grievance with no result. He again did not appeal due to his dissatisfaction with the grievance procedure.

The district court dismissed Green's complaint without prejudice for failure to exhaust his administrative remedies. The court stated that "[p]laintiff, in his complaint, admits that he has not attempted to avail himself of the administrative remedies available." Green noted a timely appeal to this court.

A prisoner seeking to bring an action with respect to prison conditions must first exhaust "such administrative remedies as are available." 42 U.S.C.A. § 1997e (West Supp. 1998). Here, Green stated that he filed grievances, and at least one appeal, but that prison officials failed to respond. The district court was, therefore, mistaken

_____

*While the district court's caption in its dismissal order listed all three Defendants, the district court's docket sheet only lists Defendant Shaw. Because the case was dismissed sua sponte, none of the Defendants responded or even entered appearances below. On remand, the district court should address the issues raised in each of Green's complaints.

2

when it stated that Green admitted he had not attempted to file a grievance. Thus, we vacate the district court's dismissal and remand for further proceedings. On remand, the district court may request documentation and conduct further inquiry to determine whether Green properly followed administrative channels and whether the lapse in time between the filing of his grievances and his commencement of suit in federal court constituted such delay that Green's grievances could be deemed denied. We deny Green's motion for an ex parte hearing and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3